IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUDY HOLBIRD                                                                                    PETITIONER

No. 4:21-cv-00082 LPR/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                       RESPONDENT

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

A. **Introduction**

On January 29, 2021, petitioner Judy Holbird ("Holbird"), an inmate at the Arkansas Division of Correction's McPherson Unit, filed a pleading titled

"Emergency Motion for Emediate [sic] Reduction of Sentence 'Compassion Release.'" Doc. No. 2. The motion was docketed by the Clerk of the Court as a Petition for Writ of Habeas Corpus. Holbird's petition, the accompanying brief, and additional pleadings appear to raise three issues. First, she requests to return to Oklahoma as an enrolled member of the Choctaw Nation of Oklahoma, "through release by this Compassionate (CARES Act)." She also cites *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), in support of her first claim. Second, she complains that her Sebastian County Circuit Court sentences were excessive, that she should have been granted parole, and that the Arkansas Parole Board should have granted her clemency applications. Finally, she claims to have multiple medical conditions which, among other things, entitle her to compassionate release pursuant to 18 U.S.C. § 3582, known as the First Step Act. For the reasons set forth in this pleading, the Court recommends that Holbird's petition be dismissed.

B. **Factual History**

Holbird was convicted in Sebastian County, Arkansas in three separate cases following jury trials in 1988 and 1989. Following the first jury trial, in Sebastian County Circuit Court No. 88-206B, Holbird was convicted of aggravated robbery and being a felon in possession of a firearm. She was sentenced to 46 years in prison. She was convicted of aggravated robbery and being a felon in possession

of a firearm in her second trial, in Sebastian County Circuit Court No. 88-210A, and was sentenced to 60 years in prison. Following her third trial, in Sebastian County Circuit Court No. 88-195, she was convicted of attempted capital murder and being a felon in possession of a firearm. She received another 60 year sentence. The circuit court ordered the sentences to run consecutively, for a total of 166 years. Direct appeals of the three convictions were unsuccessful. *Holbird v. State*, 299 Ark. 245 (1989), *Holbird v. State*, 299 Ark. 551 (1989), and *Holbird v. State*, 301 Ark. 382 (1990). Postconviction petitions were denied. *Luna-Holbird v. State*, 315 Ark. 735 (1994), and *Luna-Holbird v. State*, 1993 WL 541904 (Ark. Dec. 13, 1993).

### C.  Holbird's First Claim

Holbird claims to be a member of the Choctaw Indian Nation of Oklahoma. In her petition, she seeks to return to Oklahoma "through release by this compassionate (CARES Act)." Doc. No. 2 at 3. She claims to be in poor medical condition and states she is not expected to recover from her illness. She requests humane living conditions to be provided by the Choctaw Nation, which can provide her with medical care, food, housing, educational assistance, job training, and rehabilitation. *Id.* At 4. In support of her claim, Holbird also cites the 2020 Supreme Court decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), which

held that a state does not have jurisdiction to prosecute a Native American if the criminal conduct occurred on an Indian reservation. Respondent Payne interpreted Holbird's first claim as seeking to be released because of a violation of *McGirt*. In his response, Payne argued that *McGirt* is not applicable to Holbird's case because Holbird's crimes were committed in Arkansas, not on reservation lands. Doc. No. 11 at 6.

In her reply, Holbird stated that Payne misunderstood why she cited *McGirt*. She clarified that she did not intend to challenge Arkansas' jurisdiction to charge, try, and convict her of crimes committed in Arkansas. Doc. No. 14 at 2. Instead, Holbird stated, she only challenges the stacking of sentences issued by 3 different juries in separate deliberations "without a higher court remedy." *Id.* Perhaps Holbird cited *McGirt* because McGirt was convicted in state court in Oklahoma in three sex offense cases, similar to her 3 separate convictions that resulted in stacked sentences. At any rate, the Court finds that *McGirt* has no application to this case. Additionally, the Court notes that Holbird's first claim in her petition does not challenge the stacking of her sentences. And if that was Holbird's intent, her claim is barred by the statute of limitations.

In the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year statute of limitations for the filing of habeas

claims by petitioners seeking relief from state court judgments. The AEDPA became effective on April 24, 1996, after Holbird's judgments were entered. For judgments entered before April 24, 1996, petitioners were granted a one-year grace period within which to file postconviction proceedings in federal court. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). That period ended on April 24, 1997. It is undisputed that Holbird did not seek federal postconviction relief on or before April 24, 1997. In fact, she did not file a habeas petition until January of 2021, almost 24 years after the statute of limitations expired.

The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(2). Holbird cannot avail herself of this statutory tolling allowance for two reasons. First, she did not properly file a postconviction petition seeking relief pursuant to Arkansas Criminal Rule of Procedure 37. Holbird filed Rule 37 petitions in the trial court, one in December 1992, and one in 1993. The trial court denied relief, and Holbird appealed. The Arkansas Supreme Court dismissed the appeal because Holbird failed to seek its permission to proceed in the trial court before she filed her postconviction petitions.[1] Thus, the trial court never had jurisdiction to

---

[1] The permission requirement of Criminal Rule 37 was in effect when Holbird was convicted.

entertain Holbird's postconviction challenges. *Luna-Holbird v. State*, 1993 WL 541904 (Ark. Dec. 13, 1993). Holbird filed a motion for reconsideration, which was denied. *Luna-Holbird v. State*, 315 Ark. 735 (1994). Because Holbird did not comply with Rule 37's permission requirement, her postconviction motions were not properly filed and the time during which they were pending did not toll the statute of limitations. *See Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010)(state postconviction petition that does not comply with filing requirements not "properly filed"); *Walker v. Norris*, 436 F.3d 1026, 1030 - 32 (8th Cir. 2006).

Second, even if Holbird's postconviction motions tolled the statute of limitations, her federal habeas filing was still too late. Holbird's first postconviction Rule 37 motion was filed in December of 1992. The final ruling of the Arkansas Supreme Court was handed down on February 7, 1994. Holbird's state postconviction motions were pending for a little more than 2 years. Giving Holbird credit for that time period, the statute of limitations would still have expired sometime in 1999, more than 20 years before she filed this habeas petition.

Finally, even though statutory tolling is inapplicable to Holbird's case, the failure to file a timely petition can be excused under some equitable circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

> time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Holbird does not point the Court to any persuasive circumstances which are responsible for her delay in seeking federal habeas corpus relief. Based upon the record before the Court, and the lengthy delay in seeking relief, the Court finds equitable tolling does not apply to assist Holbird in overcoming the limitations barrier she faces.

In summary, to the extent Holbird's first claim challenges the stacking of her sentences, it is barred by the one year statute of limitations. Statutory or equitable tolling do not apply. Therefore, Holbird's first claim should be dismissed.[2]

---

[2] The Court notes that in her petition, Holbird makes reference to seeking release via the CARES Act, Pub. L.No. 116-136. If she intended to make such a claim, that claim fails. The CARES Act identified an expanded group of federal inmates who can be considered for home confinement based on the emergency conditions caused by the COVID virus. It does not apply to state inmates serving a sentence based on state court criminal convictions.

### D. Holbird's Second Claim

In Holbird's second claim, she complains that her Sebastian County Circuit Court sentences were excessive, that she should have been granted parole, and that the Arkansas Parole Board should have granted her clemency applications. Holbird's claims that her sentences were excessive are barred by the statute of limitations, for the reasons discussed in Section C above. Likewise, her claim that she should be eligible for parole,[3] essentially a claim that denial of parole based on an Arkansas statute that makes her ineligible violates her constitutional rights, is barred by the statute of limitations for the reasons set forth in Section C above.

And even if her parole claim was not barred by the statute of limitations, it fails because Holbird has no constitutionally protected liberty interest in the possibility of parole. *See Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984)(Arkansas parole statutes do not establish a right to release on parole that invokes due process protections). Holbird's claim regarding her rejected clemency applications fails for the same reason. She has stated no facts that would, if true, establish a constitutional right to clemency. *See Perry v. Morgan*, 122 F.3d 18, 20 (8th Cir.

---

[3]When Holbird committed her crimes, Ark. Code Ann. § 16-93-609(a)(1987) provided, as applicable here, that a person who commits aggravated robbery subsequent to March 24, 1983, and who has previously been found guilty of aggravated robbery, is not eligible for release on parole.

1997)(Arkansas clemency statute creates no constitutional right or entitlement sufficient to invoke due process clause); *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 67-68 (2009)("[N]oncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law."). For these reasons, Holbird's second claim fails.

E. **Holbird's Third Claim**

For her third claim, Holbird states she has multiple medical conditions which, among other things, entitle her to compassionate release pursuant to 18 U.S.C. § 3582, known as the First Step Act. She claims that in addition to her medical conditions, the length of time she has served and the COVID outbreak make her deserving of compassionate release. This statute applies to federal prisoners confined in federal prisons, who must seek relief from the sentencing court. 18 U.S.C. § 3582(b)(1). Holbird's convictions are state convictions, and she is admittedly confined in the state correctional system. Thus, her claim based on the First Step Act fails.

In her reply brief, Holbird states she seeks transfer to a prison in Oklahoma pursuant to the Interstate Corrections Compact ("ICC"), 4 U.S.C. § 112. Doc. No. 14 at 6. Generally, a prisoner has no justifiable expectation of incarceration in a

9

particular state. However, an inmate cannot be transferred in retaliation for exercising federal constitutional rights. *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999); *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996). Holbird does not claim that she has requested a transfer to Oklahoma pursuant to the ICC, or that a request for a transfer has been denied by this state in violation of her constitutional rights. Without more, Holbird fails to state a claim of a constitutional violation regarding her desire for a transfer.

### F. Conclusion

Claim one is barred by the statute of limitations. Claim two is barred by the statute of limitations and fails on the merits. Claim three fails to state viable claims for consideration by this Court. As a result, Holbird's petition for habeas corpus should be dismissed and the relief requested should be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, a certificate of appealability should be denied.

IT IS SO ORDERED this 30th day of July, 2021.

UNITED STATES MAGISTRATE JUDGE